# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 4, 2014

## SEAN WILLIAM LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. I04-00029      Chris Craft, Judge**

**No. W2014-00335-CCA-R3-ECN  - Filed December 17, 2014**

The petitioner, Sean William Lee, pled guilty in 2004 to attempted aggravated sexual battery and was sentenced to three years, which then was suspended to six years probation. In 2013, after a probation violation warrant was filed against him, he filed a pleading styled "Motion to Revoke Probation and Impose a Sentence in Absentia." He followed this pleading by filing a petition for writ of error coram nobis, based upon what he saw as newly discovered evidence. The coram nobis court dismissed the petition without a hearing, concluding that the statute of limitations for such a pleading had expired eight years earlier and no issues were raised which could be the basis for coram nobis relief. Following our review, we affirm the order of the coram nobis court dismissing the petition, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Sean William Lee, Marion, Illinois, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record on appeal is sparse. Accordingly, we glean the petitioner's circumstances from his pleadings and the order of the coram nobis court dismissing the petition. According to the petitioner, he currently is serving a 188-month sentence at the federal penitentiary in

Marion, Illinois. He claims to have filed this writ because the Tennessee conviction increased his federal sentence. As "newly discovered evidence," entitling him to coram nobis relief, he cites his November 2013 "chance discovery that the criminal court judge [who sentenced him] failed to abide by Tennessee law at sentencing, thereby rendering the sentence 'illegal' and therefore void," resulting in an unknowing guilty plea. His specific complaints are that counsel led him to believe he had been charged by indictment, when it was, instead, a criminal information; that a presentence report was not prepared; that he had not been told of the community supervision requirement; and that there was no discussion before the fine and costs were assessed. We will review these claims.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2012).

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

In this matter, the coram nobis court concluded that the petition had been filed "more than eight years too late," for he had not alleged the existence of any newly discovered evidence but, instead, complained that his guilty plea was involuntary, counsel had been ineffective, and the judgment was void. Thus, the petitioner had not discovered any new "evidence," recognizing, instead, alleged defects in the sentencing procedure. Such claims are not cognizable in a coram nobis proceeding. See State v. Glenn Bernard Mann, No. W2006-01867-CCA-R3-CO, 2007 WL 2247237, at *4 (Tenn. Crim. App. Aug. 6, 2007), perm. app. denied (Tenn. Dec. 17, 2007). Additionally, the record supports the conclusion

of the coram nobis court that the petition was untimely, for it was not filed within one year of the date the trial court judgment became final.  Tenn. Code Ann. § 27-7-103.  If this pleading were treated as a petition for post-conviction relief, it still would be untimely.  <u>See</u> Tenn. Code Ann. § 40-30-102.  Accordingly, we affirm the order of the coram nobis court dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE